O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5073 AHM (MANx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | MIRANG SO v. FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

On June 15, 2009, Plaintiff Mirang So filed a complaint in Los Angeles Superior Court, asserting fifteen causes of action against JP Morgan Chase National Corporation Services, Inc. and the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank ("WaMu"), and JP Morgan Chase Bank, which is allegedly the assignee of the assets and liabilities of Washington Mutual Bank. The action arises out of mortgage loan transactions between WaMu and Plaintiff that closed on July 11, 2006 and July 25, 2006. Compl. ¶¶ 8-9. On July 14, 2009, Defendants removed the action to this Court.

The FDIC has moved to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff has not filed an opposition to the motion.[1] "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. In addition, the motion appears meritorious on its face. As the FDIC sets forth in its moving papers, administrative exhaustion is a condition precedent to jurisdiction over Plaintiff's claims against the FDIC. *See, e.g., Henderson v. Bank of New England*, 986 F.2d 319, 320-21 (9th Cir. 1993) (affirming district court's dismissal of action for lack of subject matter over claims against FDIC where the plaintiff had not exhausted his administrative remedies).

---

[1] It has come to the Court's attention that Plaintiff's attorney of record has been arrested and has voluntarily resigned his membership in the California Bar Association. On January 4, 2010 the Court notified Plaintiff of this hearing, and ORDERED Defendants to serve Plaintiff with notice of the hearing at her last known address. Defendant FDIC complied with the Court's Order on January 5, 2010.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5073 AHM (MANx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | MIRANG SO v. FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.* | | |

Plaintiff has not alleged or shown that she filed a claim with the FDIC and has therefore failed to exhaust her administrative remedies. Accordingly, the motion is GRANTED and Plaintiff's claims against the FDIC are dismissed without prejudice.[2]

Plaintiff is ORDERED TO SHOW CAUSE by not later than January 22, 2010 why this case should not be dismissed for lack of prosecution. Failure to do so will be construed as consent to dismissal of the action in its entirety.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

|  | : |
|---|---|
| Initials of Preparer | SMO |

cc:     Mirang So

---

[2] Docket No. 14.